[Cite as *In re T.B.*, 2020-Ohio-5389.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| T.B., JR., DELINQUENT CHILD | : | |
| | : | **CASE NOS. 2020-T-0027** |
| | : | **2020-T-0028** |
| | : | |

Appeals from the Trumbull County Court of Common Pleas, Juvenile Division, Case Nos. 2019 JD 00319 and 2019 JD 00331.

Judgment: Reversed and remanded.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Appellee, State of Ohio).

*Timothy Young,* Ohio Public Defender, and *Timothy B. Hackett,* Ohio Assistant Public Defender, Office of the Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Appellant, T.B., Jr.).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, T.B., Jr. ("T.B.") appeals from the judgment of the Trumbull County Court of Common Pleas, Juvenile Division. At issue is whether the juvenile court committed plain error when it classified appellant as a juvenile-offender registrant at the dispositional hearing even though the court had committed him to a secure facility. We reverse the trial court's judgment and remand the matter for further proceedings.

{¶2} In September 2018, this matter originated via a complaint filed in the Lorain County Juvenile Court, alleging that then-16-year-old appellant was delinquent for committing acts constituting two counts of rape, in violation on R.C. 2907.02(A)(1)(b), felonies of the first degree, if he were an adult; and committing acts constituting two counts of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(A)(4), felonies of the third degree, if he were an adult. The matter was subsequently transferred to the Trumbull County Juvenile Court for further disposition. On October 22, 2019, The Trumbull County Juvenile Court, via magistrate, adjudicated appellant delinquent on two counts of GSI (the two rape counts were dismissed by the Lorain Juvenile Court) and committed him to the Ohio Department of Youth Services ("DYS") for an aggregate, minimum term of one year, maximum to his twenty-first birthday. The trial court reviewed and adopted the magistrate's decision; in addition, the trial court ordered appellant to "complete the [DYS] sex offender treatment program prior to release." The court noted that appellant was a mandatory registrant. Neither the court, nor counsel, however, addressed the timing of the classification. The court proceeded to designate appellant as a tier II juvenile offender registrant. This appeal follows.

{¶3} Appellant assigns two errors for our review. They provide:

{¶4} "[1.] The trial court plainly erred as a matter of law when it classified T.B. as a juvenile offender registrant at disposition, even though the court had committed T.B. to a secure facility, in violation of R.C. 2152.83(A)(1).

{¶5} "[2.] T.B. was denied effective assistance of counsel when trial counsel failed to object to the juvenile court's unauthorized juvenile sex offender classification, in

2

violation of the Sixth and Fourteenth Amendments of the U.S. Constitution; and, Article I, Section 10, of the Ohio Constitution."

{¶6} Under his first assignment of error, appellant maintains the trial court committed plain error when it classified him a Tier II sex offender in its dispositional order committing him to DYS. The state concedes error.

{¶7} R.C. 2152.83(A)(1) governs when a juvenile court is required to classify, for purposes of registration, a first-time juvenile sex offender that is 16 or 17 years old at the time the offense was committed.

{¶8} R.C. 2152.83(A)(1) provides:

{¶9} (A)(1) The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the delinquent act to the custody of a secure facility, shall issue *at the time of the child's release from the secure facility* an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

{¶10} (a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

{¶11} (b) The child was sixteen or seventeen years of age at the time of committing the offense.

{¶12} (c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code. (Emphasis added.)

{¶13} Here, appellant was 16 years old at the time of the offense and was committed to a secured facility. And there is no dispute that the underlying offenses were appellant's first delinquency adjudications (thereby precluding registration at

3

disposition per R.C. 2152.82) and the conditions of R.C. 2152.86 do not apply to this offense. Still, the trial court, *at the dispositional stage*, classified appellant a Tier II sex offender, contrary to R.C. 2152.83(A)(1). Pursuant to that subsection, appellant's circumstances mandate that the juvenile court must wait until his release from DYS to issue its classification specifying his statutory duties of compliance. The trial court erred in prematurely classifying appellant a Tier II sex offender. This error was plain, obvious, and affected the outcome of the proceedings. *See In re B.W.K.*, 11th Dist. Portage No. 2009-P-0058, 2010-Ohio-3050, ¶10 (defining the contours of "plain error.") *See, also, In re J.A.D.*, 11th Dist. Portage No. 2012-P-0006, 2012-Ohio-5226 (concluding a trial court's classification, in a dispositional order, of a first-time juvenile sex offender, who is within the applicable age range and committed to a secure facility, is plain error.)

{¶14} Appellant's first assignment of error has merit and this disposition renders analysis of his second assignment of error moot.

{¶15} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is reversed and remanded.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.